IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Susan Prose, United States Magistrate Judge

Civil Action No. 23-cv-00665-LTB-SBP

ALFREDO P. GONZALEZ,

      Plaintiff,

v.

JOE BIDEN, et al,
MAYORKAS et al, DEPARTMENT OF HOMELAND SECURITY DHS,
GOVERNOR J. POLIS, et al,
BILL BURNES, et al, CENTRAL INTELLIGENCE AGENCY, CIA,
ALCOHOL TOBACCO FIREARMS, ATF, et al,
FEDERAL BUREAU OF INVESTIGATION, C. WRAY, et al,
DRUG ENFORCEMENT AGENCY, DEA, et al,
NATIONAL SECURITY AGENCY, NSA, et al,
LLOYD AUSTIN, Defense Secretary, U.S. Army, et al,
WELD COUNTY, COLORADO SHERIFF STEVE REMES, et al,
OFFICER VESQUEZ, WCJ,
OFFICER ESCALANTHA, WCJ,
MOSES A. STANCIL, CDOC, et al,
JASON LENGERICH, BVCF Warden, et al,
STEPHANIE SANDOVAL, CSP Warden, et al,
CAPT. CBOWERS, BVCF CAPT,
LT. WHITE CSP LT.,
SGT. WILL, CSP SGT, and
DRDC John Doe #1,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the second amended Prisoner Complaint

(ECF No. 18) filed *pro se* by Plaintiff Alfredo P. Gonzalez. Because Plaintiff proceeds

*pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v.*

1

*Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred to this Court for recommendation (ECF No. 20).[1]

The Court has reviewed the filings to date, considered the entire case file, analyzed the applicable law, and is advised in the premises. For the reasons that follow, it is respectfully recommended that the second amended Prisoner Complaint and this action be dismissed without prejudice.

## I.     BACKGROUND

Plaintiff is a convicted and sentenced state prisoner incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. He asserts untitled claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against nineteen Defendants sued in their individual and official capacities, except for Defendant Joe Biden, who is only sued in his official capacity. (ECF No. 18 at 2-7).

As best the Court can tell, Plaintiff's claims stem from his confinement at the Weld County Jail, the Denver Reception and Diagnostic Center ("DRDC"), the Colorado

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

State Penitentiary, the Buena Vista Correctional Facility ("BVCF"), and the Centennial Correctional Facility ("CCF"). (*Id.* at 7-22). According to Plaintiff, on November 8, 2022, Defendant Joe Biden gave orders to both federal and Colorado officials to "KILL KINGLUCIFER," which is an alias for Plaintiff. (*Id.* at 7*)*. Then, on December 3, 2022, Plaintiff was arrested on a parole violation and taken to the Weld County Jail. In January 2023, Plaintiff was transferred to the DRDC and then to the Colorado State Penitentiary. In February 2023, Plaintiff was transferred to the BVCF but was returned to the Colorado State Penitentiary shortly thereafter. On June 7, 2023, Plaintiff was transferred to the CCF in order to undergo a mental health evaluation. (*Id.* at 7-20).

Plaintiff alleges that he is under investigation by the Department of Homeland Security and the United States Army based on his ties to the "Mexican Mafia" and the "Sinaloa Cartel." (*Id.*). Plaintiff contends that during his confinement at the Weld County Jail, the DRDC, the BVCF, the Colorado State Penitentiary, and the CCF, he has been drugged, tased, assaulted, and exposed to "psychotropic weapons" and satellite communications "in his head." (*Id.*). Plaintiff further alleges he has been housed in unsafe and unsanitary conditions, placed in administrative segregation for an excessive amount of time, and tortured. (*Id.*).

An excerpt of Plaintiff's allegations supporting the claims is set forth below and is quoted verbatim without correcting or identifying errors in spelling, grammar, or punctuation:

> Plaintiff was housed at CSP from 2/28/2023 to 6/6/2023 and was tortured with the Communication Satellite/Reading Satellite, And Microwaves from Raptor Drones That the International Committee of the Red Cross (ICRC) banded. The CIA was trying to get Intelligent about all Sinaloa Cartel

> members that are unknown to the CIA as to MR. KINGLUCIFERS takeover
> of the MEXICAN CARTEL DE SINALOA due to OVIDIA GUZMAN LOPEZ
> being wanted by the U.S. Government for the escape from maxima security
> prison in Mexico.

(*Id.* at 19). As relief, Plaintiff requests monetary damages as well as injunctive and

declaratory relief. (*Id.* at 22-27). As will now be discussed, the second amended

Prisoner Complaint and this action should be dismissed without prejudice.

## II.    DISCUSSION

Complaints must contain a short and plain statement of the facts explaining why

a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct." Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of

the basis for the claims against them so that they may respond and to allow the Court to

establish whether the allegations, if proven, show that the plaintiff is entitled to relief.

*See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Plaintiffs must allege in a clear, concise, and organized manner what each defendant

4

did to them, when the defendant did it, how the defendant's action harmed them, what specific legal right they believe the defendant violated, and what specific relief is requested as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Vague and conclusory allegations that a plaintiff's rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). And the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his [or her] conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Neither the Court nor defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims. *Id.*

Plaintiff's second amended complaint does not include a short and plain statement of his claims showing an entitlement to relief. Plaintiff fails to allege well-pled facts in a clear, concise, and organized manner describing what each defendant did to him, when each defendant did it, how each defendant's action (or inaction) harmed him, and how each defendant violated his rights. *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to

isolate the precise constitutional violation with which the defendant is charged.") (cleaned up); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (holding that active-voice yet undifferentiated allegations that "the defendants" infringed a plaintiff's rights are insufficient to plead personal participation). Ultimately, Plaintiff's allegations are vague and conclusory, and he fails to allege that the acts taken by Defendants amounted to a constitutional violation. For example, Plaintiff alleges that on February 28, 2023, he was transferred back to the Colorado State Penitentiary where he was assured that the torture would stop, but the "Raptor Drones returned also Satellite Communication/Reading Satellite in his head," but prison staff took no actions which violated Plaintiff's constitutional rights. (*Id.* at 19). These allegations, like nearly all the allegations provided in support of Plaintiff's claims, are insufficient to assert a cognizable claim for relief. As such, the pleading does not meet the pleading standard imposed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (same).

## III.    RECOMMENDATION

For these reasons, it is respectfully recommended that the second amended Prisoner Complaint (ECF No. 18) and this action be **dismissed without prejudice.**

DATED November 3, 2023.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge